**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NORTH DAKOTA
NORTHWESTERN DIVISION**

| | |
|---|---|
| United States of America,      )<br>                                              )<br>            Plaintiff,      )<br>                                              )<br>vs.                                        )<br>                                              )<br>Douglas John Delorme,      )<br>                                              )<br>            Defendant.      )  | **ORDER DENYING DEFENDANT'S<br>MOTION IN LIMINE**<br><br><br>Case No.  4:07-cr-062 |

_____

Before the Court is defendant Douglas Delorme's "Motion in Limine to Prohibit 404(b) Evidence" filed on November 28, 2007.  For the reasons set forth below, the Court denies the motion.

**I.       BACKGROUND**

The defendant, Douglas Delorme, was indicted on two counts – assault resulting in serious bodily injury and tampering with a witness.  The indictment alleges that on or about June 2, 2007, Delorme assaulted Simon (Sam) LaRocque.  See Docket No. 1.  On November 28, 2007, Delorme filed a motion in limine requesting that the Court exclude evidence of prior bad acts.  Specifically, Delorme requests the exclusion of evidence of prior bad acts involving assaults or tampering with witnesses.  The Government has indicated its intent to introduce evidence concerning the following incidents:

> (1)      On August 8, 2006, in Belcourt, North Dakota, Delorme assaulted Chet Martell in the face with his fist, resulting in injury.  After the incident Delorme attempted to influence the statement of a witness, Regina Brien, by telling her what she should tell

police. Delorme was convicted of assault in Turtle Mountain Tribal Court. However, the 2006 witness tampering incident did not result in any criminal charges.

(2) Between the dates of November 23, 2001, and December 5, 2001, Delorme intimidated and engaged in misleading conduct toward Kurt S. Lilley to cause him to change the statement of facts that Lilley had related to federal agents regarding the investigation of a matter involving Delorme. This incident resulted in federal convictions.

## II.  LEGAL DISCUSSION

Rule 404(b) provides that "[e]vidence of other crimes, wrongs, or acts is not admissible to prove the character of a person in order to show action in conformity therewith." Rule 404(b) does allow the admission of such evidence for other purposes, such as "proof of motive, opportunity, intent, preparation, plan, knowledge, identity, or absence of mistake or accident." Fed. R. Evid. 404(b). This evidence is admissible if it is: "1) relevant to a material issue; 2) similar in kind and close in time to the crime charged; 3) proven by a preponderance of the evidence; and 4) if the potential prejudice does not substantially outweigh its probative value." United States v. Voegtlin, 437 F.3d 741, 745 (8th Cir. 2006). The Court has broad discretion in making evidentiary rulings, including rulings on the admissibility of prior wrongful acts. United States v. Bowman, 798 F.2d 333, 337 (8th Cir.1986).

Evidence of other assaultive behavior by a defendant is generally admissible pursuant to 404(b) where the defendant claims lack of intent, accident, or self-defense at trial. See United States v. Haukaas, 172 F.3d 542, 544 (8th Cir. 1999) (holding admissible the introduction of evidence of

a previous assault where the defendant placed the element of intent into issue by contending that he was intoxicated at the time of the stabbing and had advanced several other defenses including accident and self-defense) . Further, "[w]here intent is an element of the crime charged, evidence of other acts tending to establish that element is generally admissible." United States v. Weddell, 890 F.2d 106, 107-108 (8th Cir. 1989). Nevertheless, the broad principles of admissibility set forth in Rule 404(b) do not mandate that such evidence be admitted without consideration of its prejudicial impact.

Delorme first argues that the prior bad acts evidence should be excluded because it is not being offered for a permissible use under Rule 404(b). Delorme contends that the introduction of prior bad acts is an impermissible attempt to show that Delorme had a propensity to commit assaults and to intimidate witnesses.

The Court finds that Delorme's prior conviction for assault in 2006 is similar in kind and reasonably close in time to the alleged crime. Further, Delorme has indicated that he will be asserting that he acted in self-defense and, as a result, has made intent a material issue to be determined by the jury which is a permissible use of Rule 404(b) evidence. See United States v. Gettel, 474 F.3d 1081, 1087 (8th Cir. 2007); United States v. Haukaas, 172 F.3d 542, 544 (8th Cir. 1999) (providing that the Government is entitled to introduce evidence of a prior assault to show absence of mistake or accident and to rebut claim of self defense). Therefore, the Court finds that evidence of Delorme's prior bad acts of assault are permissible under Rule 404(b).

Delorme also seeks to exclude evidence of two prior bad act incidents that the Government seeks to introduce relating to the influencing and intimidating of witnesses. The Government contends that the prior acts of witness tampering are admissible to prove that Delorme had

opportunity, intent, and knowledge, and such evidence is relevant as to foreseeability and absence of mistake or accident. One incident of witness tampering is alleged to have occurred on August 8, 2006. The Government alleges that, after the assault by Delorme on August 8, 2006, Delorme attempted to influence the statement of a witness by telling her what she should tell the police. The second incident occurred between November 23, 2001, and December 5, 2001, and involved Delorme's coercion of an individual into making false statements before a grand jury in the federal prosecution of the Defendant. That incident resulted in Delorme's conviction of tampering with a witness and subornation of perjury in federal district court. See United States v. Delorme, Case No. 4:02-cr-062 (D.N.D. April 22, 2002).

The Eighth Circuit Court of Appeals has said that there is no absolute rule regarding the number of years that can separate offenses. Instead, the court is to apply a standard of reasonableness and examine the facts and circumstances of each case. United States v. Engleman, 648 F.2d 473, 479 (8th Cir. 1981) (holding that a thirteen year gap between the offenses was not too remote in time for purposes of admissibility of evidence of prior bad acts under Rule 404(b)). In this case, both incidents of prior bad acts that occurred in 2001 and 2006 are similar in kind, and the six year gap in time between the oldest incident and the present incident is not too remote in time. The Court finds that evidence of Delorme's prior conviction of witness tampering and subornation of perjury arising out of events that occurred in 2001 is permissible under Rule 404(b).

Delorme was not convicted of witness tampering arising out of the alleged incident that occurred in August 2006, but a conviction is not required for such evidence to be admissible pursuant to Rule 404(b). The Eighth Circuit has noted that the burden of proof under Rule 404(b) is significantly less stringent than the proof beyond a reasonable doubt standard required for a

criminal conviction. United States v. Hazelett, 32 F.3d 1313, 1320 (8th Cir. 1994). Therefore, the absence of a conviction is not controlling.

Delorme's principal argument for the exclusion of the prior bad acts and prior conviction evidence is that the danger of prejudice to Delorme significantly outweighs any possible probative value such evidence may have. Based upon a preliminary review of this case and, particularly, the Rule 404(b) evidence which the defendant seeks to exclude, the Court finds that the probative value of most of the evidence is not substantially outweighed by the danger of unfair prejudice. See Fed.R.Evid. 403. Any potential for prejudice may be mitigated by a limiting instruction reminding the jury that they may consider this evidence only for a purpose permissible under Rule 404(b), but may not use such evidence to decide whether Delorme is guilty of a charged offense. See United States v. Walker, 470 F.3d 1271, 1275 (8th Cir.2006) (providing that "a limiting instruction diminishes the danger of unfair prejudice arising from the admission of the evidence."); United States v. Spears, 469 F.3d 1166, 1170 (8th Cir.2006) (finding a limiting instruction adequate to guard against potential prejudice).

The Court, in the exercise of its discretion, will allow evidence of Delorme's 2006 assault conviction in tribal court as well as evidence of the federal conviction(s) in 2001-2002 related to witness tampering and subornation of perjury in federal court. This evidence may include the criminal judgments and any plea agreement(s) which would provide the factual basis for the plea and convictions. However, the Court, in its discretion, will not allow evidence to be presented at trial concerning the 2006 witness tampering evidence which did not result in the pursuit of any criminal charges against Delorme. The Court finds that the probative value of such evidence is substantially outweighed by the danger of unfair prejudice, confusion of the issues, considerations

of undue delay, waste of time, and the needless presentation of cumulative evidence.  See Federal R. Evid. 403.

The Defendant's Motion in Limine to exclude Rule 404(b) evidence is **DENIED.**

**IT IS SO ORDERED.**

Dated this 29th day of November, 2007.

>   */s/ Daniel L. Hovland*
>   Daniel L. Hovland, Chief Judge
>   United States District Court